925 F.2d 1468
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark GIBSON, also known as Marc A. Gibson, Defendant-Appellant.
 No. 89-1616.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 14, 1991.
Decided Feb. 22, 1991.
 
 Before BAUER, Chief Judge, and CUMMINGS, Circuit Judge, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Defendant Mark Gibson appeals from a sentence imposed after he pleaded guilty to distributing .71 grams of cocaine in violation of 21 U.S.C. Sec. 841(a)(1). Because Gibson had a total of three prior robbery and felony drug convictions, the district court treated him as a career offender pursuant to U.S.S.G. Sec. 4B1.1. These offenses occurred thirteen years earlier when Gibson was nineteen, and he had no criminal record since that time. The district court determined his sentencing range to be between 262 months and 327 months, but considering all the factors departed downward to a 120 month term of imprisonment. The court also recommended that Gibson be held in a minimum security prison close to his family and that he receive drug and psychological counseling.
 
 
 2
 In an argument that spans one page and cites no relevant case, Gibson argues that his sentence is excessive under the terms of the Eighth Amendment prohibition against cruel and unusual punishment. Given the appropriate proportionality analysis, see Solem v. Helm, 463 U.S. 277, 292 (1983), this court has consistently held that sentences imposed pursuant to 21 U.S.C. Sec. 841(b) are constitutional and do not violate the prohibition against cruel and unusual punishment. See United States v. McNeese, 901 F.2d 585, 606 (7th Cir.1990) (listing cases). The maximum sentence under section 841(b)(1)(A) for a person with prior felony convictions is thirty years; Gibson got ten. Imposition of this term is not only within the maximum term provided by Congress in section 841(b)(1)(A), but it is less than the minimum suggested by Congress in the Guidelines. Under the Guidelines grid, Gibson could have received between twenty-one and twenty-seven years in prison. The district court was merciful and departed downward from the minimum Guidelines range by eleven years. Neither the Guidelines nor the Constitution require more.
 
 The sentence is
 
 3
 AFFIRMED.